George W. Chmiel, Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Jandy Coal Company, Respondents.

Argued February 4, 1982, before President Judge CRUMLISH and Judges ROGERS and DOYLE, sitting as a panel of three.

*Richard J. Russell,* for petitioner.

*Robert G. Rose, Spence, Custer, Wolfe & Rose,* for respondents.

OPINION BY JUDGE ROGERS, March 15, 1982:

The question in this workmen's compensation case is that of whether the employer, Jandy Coal Company, had a reasonable basis to contest the claim of George W. Chmiel, a former employee, for compensation. At

issue is Chmiel's entitlement to attorney's fee. A referee concluded that the defendant's contest was unreasonable and awarded counsel fees but the Workmen's Compensation Appeal Board concluded that the contest was reasonable and reversed the referee's award of counsel fees. The claimant has appealed the Board's action in regard to counsel fees. We affirm the Board's order.

Section 440 of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. §996 provides that an employee in whose favor a contested compensation case has been finally determined shall be awarded a reasonable attorney's fee, provided that the ''attorney fee may be excluded when a reasonable basis for the contest has been established.''

Chmiel worked for various coal companies for a total of 39 years and was last employed by Jandy from February 1, 1966 to July 24, 1978. The claimant filed a claim petition against Jandy alleging that he suffered pneumoconiosis during the course of his employment in the coal industry. Section 7(a) of the form of claim petition requires the claimant, if the claim is for occupational disease, to answer, ''I became (totally) (partially) disabled . . . on ————, 19——.'' The claimant did not complete this part of the report. At the referee's hearing claimant's counsel stipulated on the record that there were jobs available of a sedentary nature which the claimant might be able to perform. The claimant introduced his treating physician's report and the defendant introduced the report of a Dr. Meyer Bloom, who in connection with the claimant's application for Federal Black Lung benefits had opined that the claimant was totally disabled. On the basis of the claimant's stipulation

of the availability of jobs the claimant could perform, the referee awarded benefits for only partial disability.

The claimant argues that the fact that he stipulated to facts which showed that he was entitled to an award for only partial disability did not show that the employer's contest was reasonable, and that the fact that the employer was in possession of Dr. Bloom's report suggesting total disability proved that its defense was unreasonable. We disagree with the claimant.

It is clear from the claim petition and record evidence that until the referee's hearing, the employer had no reason to suppose that the claimant was not seeking compensation for total disability. The fact that at the hearing the claimant's counsel in effect stipulated to partial disability demonstrates that until that action there was an issue as to the degree of the claimant's disability. We have held that the existence of an issue of the degree of disability may provide a reasonable basis for contest and the denial of attorney's fees. *Cooper-Jarrett, Inc. v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 12, 18, n. 4, 432 A.2d 1128, 1130, n. 4 (1981), *A.P. Green Refractories v. Workmen's Compensation Appeal Board,* 44 Pa. Commonwealth Ct. 1, 403 A.2d 172 (1979).

The employer's prior possession of Dr. Bloom's medical report containing his opinion that the claimant was totally disabled for Federal Black Lung benefit purposes does not make its contest unreasonable. Proceedings for, and determinations of, disability for the purpose of obtaining Federal Black Lung benefits on the one hand and awards under The Pennsylvania Workmen's Compensation Act on the other are quite different; and we have held that the fact that

a claimant has made a Black Lung application is not conclusive proof that he then knew he was disabled due to pneumoconiosis. *Republic Steel Corp. v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 113, 420 A.2d 37 (1980), *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board,* 35 Pa. Commonwealth Ct. 610, 387 A.2d 174 (1978). Indeed, the claimant's stipulation that there were jobs he could do itself sufficiently impeached Dr. Bloom's opinion of total disability.

Our agreement with the Appeal Board's disposition of the issue of attorney's fees makes it unnecessary for us to treat the claimant's other questions, based on the assumption of our reversing the Board's order.

Order affirmed.

ORDER

AND Now, this 15th day of March, 1982, the order of the Workmen's Compensation Appeal Board is hereby affirmed.