563 A.2d 598

Susan DiJOSEPH, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (ST. CHRISTOPHER'S HOSPITAL FOR CHILDREN), Respondents.

ST. CHRISTOPHER'S HOSPITAL FOR CHILDREN, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (DiJOSEPH), Respondents.

Commonwealth Court of Pennsylvania.

Argued June 9, 1989.

Decided Aug. 30, 1989.

Reargument Denied Nov. 9, 1989.

Gerard G. Bernhardt, Jr., McFadden & Bernhardt, Philadelphia, for petitioner in No. 1298 C.D.1988.

Colin Vroome, Philadelphia, for respondents in No. 1298 C.D.1988.

Colin M. Vroome, Post and Schell, P.C., Philadelphia, for petitioner in No. 1300 C.D.1988.

Gerard G. Bernhardt, Jr., Philadelphia, for respondents in No. 1300 C.D.1988.

Before COLINS and PALLADINO, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Before the Court are cross appeals from the decision and order of the Workmen's Compensation Appeal Board which

affirmed an award for total disability for injuries suffered by Claimant, Susan DiJoseph, while in the employ of St. Christopher's Hospital for Children, Employer. Claimant in her appeal asserts that the Board erred in reversing the referee's assessment of her counsel's fees against Employer and in reducing the beginning date of compensation from the date of injury, January 13, 1983, as fixed by the referee, to March 25, 1983, on the basis that no notice of injury was given to Employer [1] except by the Claim Petition which was mailed from the Bureau on the latter date. Employer, in its appeal contends that the Board erred in affirming the referee's award to Claimant in reimbursement of the Nazareth Hospital bill in the amount of $5,395.55, whereas that bill had been paid by a Blue Cross/Blue Shield coverage supplied by Employer.

The referee's findings are that Claimant was injured while employed by St. Christopher's Hospital for Children as a child care worker on January 13, 1983 when she was required on that date to do some heavy lifting. The referee's relevant findings are as follows:

3. Claimant's job as a child care worker required her to lift and carry children who weighed up to 50 pounds on a daily basis, often carrying the children up and down stairs. She did this from April 1974 through January, 1983.

4. On January 13, 1983 Claimant was toilet-training a little girl which required the Claimant to carry the little girl up two flights of stairs to the bathroom, 6 or 7 times during that day; and once in the bathroom, the Claimant had to bend over the child to help the child dress and undress, and to hold the child on a small potty chair.

5. After a full workday Claimant had developed a backache on January 13, 1983.

---

1. Section 311 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 631, provides that compensation is not payable until Employer has knowledge or notice of the injury unless that knowledge or notice is given within 21 days of injury; no compensation if no knowledge or notice within 120 days of injury.

6. The Claimant had experienced backaches before from lifting children at work, but her backache which began on January 13, 1983 did not go away, but got worse; and by the next day she also had an excruciating pain in her left leg.

7. Claimant's condition worsened over the next several days, and on January 20, 1983 she went to Nazareth Hospital on the advice of her family doctor, Angelo DiBello, M.D.

8. At Nazareth Hospital, the Claimant came under the care of a Neurosurgeon, Paul Lin, M.D., who diagnosed her condition as a herniated Disc, L-5, after performing a lumbar meylogram.

9. Dr. Lin performed surgery on January 22, 1983 at Nazareth Hospital in the nature of a discectomy and nerve compression, L-5.

10. As a result of the injury which she suffered on January 13, 1983, the Claimant has lost her ability to control her bladder and bowel movements, and she can only urinate by catheter; which required self-catherization with a plastic catheter six to ten times a day, every day.

11. Since her injury and surgery, the Claimant has experienced several embarassing [sic] accidents which occurred when her bowels empties uncontrollably, without warning, causing waste to run down her legs. She cannot feel this happening because since her injury she is permanently numb in the areas of her buttocks, anus and vaginal region.

12. A Board Certified Neurosurgeon, Lawrence Kerson, M.D., testifies on behalf of Claimant that her herniated disc and subsequent surgery were caused by the kind of lifting and bending that she did with children while working for St. Christopher's Hospital for Children; and that Claimant is disabled by that injury, and by her ongoing bowel and bladder dysfunctions which are caused by a neurological component of the work-related disc injury.

13. Due to problems she was having dealing with her condition, the Claimant came under the care of Licensed Clinical Psychologist Dr. Sherri Landes.

14. Dr. Landes testified on behalf of Claimant that Susan DiJospeh suffers from a psychological disorder, an adjustment disorder with mixed emotional features; and that the Claimant's psychological disorder was caused by the injury of January 13, 1983, and is totally disabling.

15. The Claimant has been unable to return to work of any kind since January 13, 1983, due to her disc injury and her bowel and bladder disfunctions.

. . . .

18. The Defendant employer has not presented any evidence to contest the occurrence of an injury at work on January 13, 1983.

19. The Defendant employer did not present any medical evidence except the deposition testimony of Charles Winkelman, who examined the Claimant on October 3, 1983, almost nine full months after the accident of January 13, 1983; and the testimony [sic] of Psychiatrist Wolfram Reiger, who examined the Claimant on December 9, 1985, almost three full years after the accident of January 13, 1983.

20. The Defendant employer has failed to establish any reasonable basis to contest Susan DiJoseph's claim.

The referee's Conclusions of Law in support of his decision and award are the following:

1. Claimant, Susan DiJoseph, suffered a work-related herniated disc on January 13, 1983 while in the employment of St. Christopher's Hospital for Children.

. . . . .

3. The Defendant employer received proper notice of Claimant's injury, consistent with the Pennsylvania Workmen's Compensation Act.

4. The Defendant Employer wrongfully denied the Workmen's Compensation Claim of Susan DiJoseph, and

has failed to establish any reasonable basis to contest her Claim.

5. The Claimant has been totally disabled since January 13, 1983, and will remain so indefinitely into the future within the meaning and confines of the Pennsylvania Workmen's Compensation Act.

On appeal to the Board the following order was entered:

## ORDER

Defendant's appeal is granted in part and denied in part. Referee Stevenson's decision and order are affirmed except that the order awarding Claimant's counsel fees to be paid by Defendant is reversed and the compensation payable should become effective March 25, 1983, and not January 13, 1983. All other aspect [sic] of the order are affirmed.

■ First, as to the action of the Board in reversing the referee's order that Claimant's counsel fees be paid by Employer, we feel constrained to affirm, at least in part, this decision by the Board. While we must agree with the Claimant that Employer had no basis for contest at the outset, we must also recognize that the extent of disability is a proper and reasonable basis for contest when implemented by acceptable testimony, a result supported, as the Board noted, by our decision in *Chmiel v. Workmen's Compensation Appeal Board*, 65 Pa.Commonwealth Ct. 310, 442 A.2d 398 (1982). We decline to honor the request of Claimant's counsel that we overrule *Chmiel* in light of our holding in *Jones & Laughlin Steel v. Workmen's Compensation Appeal Board (White)*, 92 Pa.Commonwealth Ct. 318, 500 A.2d 494 (1985).

Whether or not *Jones & Laughlin* is controlling here rather than *Chmiel*, cannot be determined by the present state of the record. Since the record will be remanded in any event, the compensation authorities should recognize that the record, insofar as we can determine, is not complete on when the Employer was aware of this claim.

Furthermore, it seems to us quite clear that the issue as to the "degree of disability" could not be asserted prior to the examination by Dr. Winkelman on October 3, 1983, as the referee found, "almost nine full months after the accident of January 13, 1983." Finding No. 19, quoted above. This is especially significant in light of the referee's Finding No. 20 that no reasonable basis for contest was established by defendant.[2] Also, as to the issue of when the injury occurred and the finding thereon, the referee fixing January 13, 1983, is supported by substantial evidence and will not be disturbed by this Court.

Secondly, with regard to notice, it is true as Chairman Fergus has stated in his opinion for the Board that Claimant testified that on January 17, 1983, four days after her injury, she called her Employer to report that she could not come to work for the week, but when she attempted to state the doctor's limitations on her attempting to return to work, she was cut off by an objection sustained by the referee. R.R. 55a.

The Board stated:

Even though the Referee made no specific findings on this issue, the Board reviewed the Claimant's testimony regarding notice. Claimant did testify that on January 17, 1983, four days after her injury, she called her employer and told them that she needed to stay home for the whole week, that she had to stay off her back. (See May 5, 1983 transcript—18-19). In order to avoid a remand, this Board can now rule that this testimony is legally insufficient to establish the 21 day notice requirement of Section 311 of the Act. See *Rinehimer, et al. v. Riverview Block Co., et al.*, 66 Pa.Cmwlth. 480, 444 A.2d 1339 (1982). Since everyone agrees and the record supports that the Claim petition was mailed to Defendant on March 25, 1983, then we accept that date as the effective legal

2. Employer in its petition for review of the decision by the Board charges error in the Board's decision in that Claimant's injury actually occurred in September of 1982, and Claimant failed to give timely notice of said injury; this alleged issue, however, was not pursued before this Court.

notice. The Referee's award of compensation should have been effective March 25, 1983, rather than January 13, 1983, since there was no legally sufficient notice of the injury.

R.R. 32a.

 Most respectfully, we must disagree. Since the Board took no testimony, it could not make a finding as to notice which is exclusively the province of the referee. *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa.Commonwealth Ct. 176, 305 A.2d 757 (1973). *See Katz v. Evening Bulletin,* 485 Pa. 536, 403 A.2d 518 (1979). The issue is not solely a legal one for the Board or for this Court, since the amendment to Section 311 of the Act[3] operates "to eliminate the notice requirement where the employer knows of the injury." *Katz,* 485 Pa. at 541, 403 A.2d at 520. In *Katz,* the Supreme Court also stated: "We recognize as a threshold principle of construction 'that [c]ourts should not read into the The Workmen's Compensation Act a stricter requirement than the language of the Act imports in regard to notice of an accident. It must be liberally construed' to effect the purposes of the provision." *Id.* 485 Pa. at 541, 403 A.2d at 519.

Further in *Katz,* the Supreme Court stated:

*Whether notice has been given is a question of fact. Workmen's Compensation Appeal Board v. Caves,* 22 Pa.Cmwlth. 102, 347 A.2d 761 (1975); Wilkinson, supra. The referee is the ultimate factfinder where, as here, the appeals board takes no additional evidence. E.g., *Sears, Roebuck & Co. v. Workmen's Compensation Appeals Board,* 32 Pa.Cmwlth. 330, 379 A.2d 648 (1977). And the facts found by the referee are binding on reviewing courts. See *Dunlap v. Workmen's Compensation Appeal Board,* 17 Pa.Cmwlth. 19, 330 A.2d 555 (1975). The referee found that the employer received adequate notice. (Emphasis added.)

**3.** Act of March 29, 1972, P.L. 159, 77 P.S. § 631.

*Id.,* 485 Pa. at 539–540, 403 A.2d at 519–520.[4]

Reference to the present record fails to provide the exact date when the Employer had knowledge of the injury and claim, but it clearly was prior to the March 25, 1983 dated fixed by the Board, since Employer's official Notice of Workers' Compensation Denial is dated February 24, 1983 and asserts as "Date of Alleged Injury, January 13, 1983." This form as executed denies liability with no apparent reason therefor, but makes clear that there was knowledge by Employer of the injury and claim prior to the date fixed by the Board, March 25, 1983. Since notice or knowledge is a question of fact, *Katz,* remand is required for fact finding on this issue by the referee.

■ It is well settled that an appellate court "should not infer from the absence of a finding on a given point that the question was resolved in favor of the party who prevailed below, for the point may have been overlooked or the law misunderstood at the trial or hearing level." *Page's Department Store v. Velardi,* 464 Pa. 276, 287, 346 A.2d 556, 561 (1975). Where such an essential finding was not made, the case must be remanded so that the finding may be supplied. *Id.*

■ Considering now Employer's appeal of the Board's affirmance of the referee's award to Claimant of the amount of her bill at Nazareth Hospital, $5,395.55, an award questioned by Employer because the amount was paid by Blue Cross/Blue Shield, a coverage supplied by Employer. We first note that this issue, if raised at the Board level, evoked no comment concerning it by the Board. The Board affirmed all of the referee's findings, except as to the reasonableness of the contest, No. 20, including Finding No. 16, which contains all medical charges incurred by Claimant. Our examination of the record, however,

4. The Supreme Court in this version of *Katz* remanded the case which was later again before that Court at 498 Pa. 219, 445 A.2d 1190 (1982), with no change in the Court's view as to notice, but reinforcing its former position on this issue and rejecting this Court's view as to wage computations when concurrent unemployments exist, reversing our decision at 48 Pa.Commonwealth Ct. 425, 409 A.2d 970 (1980).

reveals that the Nazareth Hospital bill was received in evidence without any objection that we could find, and with no indication of a contest as to this item in Finding No. 16 or elsewhere in the referee's decision. Unless this issue was raised before the referee and Board, it will not be addressed here. We will sustain the Board's affirmance of this finding.

For the reasons stated above, we will remand for further proceedings and consideration, including a further hearing if necessary, on the question of when Employer first had knowledge or notice of the injury or claim; on the question of whether and when any reasonable contest was presented by Employer in connection with assessment of counsel fees.

### ORDER

NOW, August 30, 1989, the order of the Workmen's Compensation Appeal Board, as of No. A–92140, dated April 22, 1988, is affirmed except that the reversal of the referee's counsel fee assessment and the disallowance of benefits from January 13, 1983 to March 25, 1983, are vacated; and this case is remanded for further proceedings consistant with the forgoing opinion.

Jurisdiction relinquished.