642 A.2d 597

**William A. CHAPLEY, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (USX CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 10, 1993.

Decided May 20, 1994.

Michael A. Johnson, for petitioner.

Martha R. Conley, for respondent, USX Corp.

Before McGINLEY, and PELLEGRINI, JJ., and LORD, Senior Judge.

McGINLEY, Judge.

This is an appeal by William A. Chapley (Claimant) from an order of the Workmen's Compensation Appeal Board (Board) affirming the referee's decision which denied Claimant's review petition on the ground that it was barred under Section 311 of The Pennsylvania Workmen's Compensation Act (Act).[1]

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 631. Section 311 reads as follows:

§ 631. **Knowledge of employer; notice of injury to employer; time for giving notice; exception.**
Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone on his behalf, or some of

On December 29, 1979, Claimant was injured in the course of his employment with USX Corporation (Employer). Claimant received left lower back, left leg and severe groin injuries when he was pinned by a tractor on that date. Pursuant to a notice of compensation payable which mentioned only Claimant's said physical injuries Employer began paying worker's compensation benefits in the amount of $227.00 per week. On September 11, 1987, Employer filed a petition for termination of Claimant's benefits alleging that the injury had ceased as of August 27, 1987, and that Claimant was capable of returning to work. On November 15, 1988, Claimant filed a claim petition, which was later amended to a review petition, wherein he alleged that he suffered from psychological depression as a result of the work-related injuries he received on December 29, 1979.

A hearing was held on April 25, 1989, and Claimant testified that on December 29, 1979, while working as a roll builder for Employer, he was injured when a tractor backed into him. Claimant testified that he received injuries to his lower back and left leg as well as having his left testicle pinched and crushed. He further testified that he was hospitalized for depression from November 24, 1985, to January 2, 1986, and subsequently began treatment for nervousness and depression that continues today and for which he takes the prescription drug, Xanax. Claimant also testified that he had been unaware of any connection between his psychological depression and the work-related injuries until he was informed by his doctor in August of 1988. Claimant also presented the testi-

the dependents or someone on their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. However, in cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment. The term "injury" in this section means, in cases of occupational disease, disability resulting from occupational disease.

mony of Walter G. Golembiewski (Mr. Golembiewski), a licensed psychotherapist, who testified that Claimant became aware of the connection between his employment injuries and his depression in August or September of 1988.

In an order dated December 21, 1990, the referee dismissed Claimant's petition after determining that it was untimely under Section 311 of the Act. Claimant appealed and the Board affirmed the decision of the referee in an opinion dated July 1, 1993. Claimant appeals.[2]

Our scope of review is limited to whether the referee's findings of fact are supported by substantial competent evidence, whether an error of law was committed or whether constitutional rights have been violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

 On appeal Claimant argues that the referee erred in finding as fact and concluding as law that Claimant's review petition is barred under Section 311 of the Act. We agree. "The purpose of this section that notice of work-related injury be given to the employer is to protect the employer from stale claims for accidental injuries, of which it would have no knowledge, made after the opportunity has passed for full and complete investigation of the circumstances." *Travelers Insurance Co. v. Worker's Compensation Appeal Board (Levine)*, 68 Pa.Commonwealth Ct. 24, 447 A.2d 1116 (1982). Therefore Section 311 does not apply in cases where a separate injury is discovered which has arisen from the same set of circumstances for which an employer has been timely notified and has had a full opportunity for investigation. In the present case, Claimant alleges that a psychological injury has

---

2. This Court entered an opinion and order on February 22, 1994. On March 7, 1993, Employer filed an application for reargument with this Court. Claimant filed a motion to dismiss the application for reargument on April 11, 1993, alleging that Employer's application was untimely. This Court entered an order finding Employer's application timely and denying Claimant's motion to dismiss on April 19, 1994. Also on April 19, 1994, this Court entered an order denying Employer's application for reargument and granting reconsideration. Following reconsideration we enter this opinion and order.

resulted from his prior physical injuries for which he timely filed a workers' compensation claim that resulted in a finding of total disability. Presumably, Employer had a full opportunity to investigate the accident at that time. Under such circumstances section 311 is not applicable and no prejudice has resulted. Section 413 of the Act, 77 P.S. § 772 provides:

A referee designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its referee, upon petition filed by either party with the department or its referee, upon proof that the disability of an injured employee has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependant has changed....

A review of the record reveals that the parties only intended to present evidence on the statutory notice issue.[3] However, the referee stated in part that "it is nevertheless clear that claimant in this instance knew of the connection between his alleged psychological problems and previous work injury...." Referee's Decision, December 20, 1990, Finding of Fact No. 6. Such a finding is ambiguous insofar as it implies that there is

---

3. At a hearing held on April 25, 1989, Referee Barbara Ann Luich (Referee Luich) stated the following for the record:

On the record. Indicate on January 26, 1989 statements were made of record by counsel in regards to the issue of whether or not the instant petition is barred by the Statute of Limitations under both sections 311 and 315 of the Act. Subsequently, I received a memo letter from defendant counsel and a Brief from claimant's counsel in regards to this issue. Indicate we have had an off the record discussion in regards to this matter and at this time I'm going to allow counsel to proceed on the statutory issue that's involved in this case. I believe the claimant is going to testify, is that correct?

Notes of Testimony (N.T.), April 25, 1989, at 3; Reproduced Record (R.R.), at 22a.

At the hearing held on June 26, 1990, Referee Luich made the following comment:

This is the case of William A. Chapley. The case was continued to give both parties an opportunity to complete their evidence and particularly in regards to Section 311 of the Act. I don't know if there was notice within 120 days or not, and basically that is the main issue.

N.T., June 26, 1990, at 3; R.R., at 70a.

an actual connection between the two. In the interest of fairness we feel that both parties should be given an opportunity to complete their cases on the merits.

Accordingly, we reverse the decision of the Board and remand with instructions to remand to the referee for the parties to present their evidence regarding the work-relatedness of the psychological injury.

## ORDER

AND NOW, to wit, this 20th day of May, 1994, the order of the Workmen's Compensation Appeal Board at A91–0055, dated July 1, 1993, is reversed. It is further ordered that this case be remanded to the Board with instructions to remand to the referee for the parties to present their evidence regarding the work-relatedness of the psychological injury. Jurisdiction relinquished.