646 A.2d 28

PENNSYLVANIA MINES CORPORATION/GREENWICH COLLIERIES, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (MITCHELL), Respondent.

Commonwealth Court of Pennsylvania.

Submitted April 29, 1994.

Decided July 14, 1994.

Michael J. Wagner, for petitioner.

George D. Kulakowski, for respondent.

Before COLINS and KELLEY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Pennsylvania Mines Corporation/Greenwich Collieries (Employer) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) that affirmed the referee's decision granting Robert S. Mitchell's (Claimant) petition for review and setting aside a final receipt dated April 15, 1988 and a supplemental agreement dated May 25, 1988.

Claimant initially sustained a work-related injury to his neck and lower back on April 23, 1980, for which he received workmen's compensation benefits for total disability at the rate of $242.00 per week, the maximum allowable rate at that time. After returning to work, Claimant signed a final receipt dated October 10, 1980. Claimant subsequently received benefits for various periods of time as evidenced by several supplemental agreements and final receipts. Claimant again began receiving benefits pursuant to a supplemental agreement dated May 25, 1988, which indicated that he had had a recurrence of his April 23, 1980 injury.

Prior to signing the May 25, 1988 supplemental agreement, Claimant sustained a second work-related injury on February 1, 1988 when he lacerated his left thumb and index finger. He received total disability benefits for this second injury at the rate of $377.00 per week, based on the then maximum allowable rate, until he signed a final receipt dated April 15, 1988.

On February 26, 1991, Claimant filed a petition for review of the May 25, 1988 supplemental agreement. In his petition for review Claimant alleges that, in addition to his injury to his left hand, he also sustained a separate and distinct injury to his lower back on February 1, 1988, and, therefore, he is entitled to benefits at the higher rate. Claimant's review petition did not state that he was seeking review of the April 15, 1988 final receipt nor does Claimant contend that his disability relating to his hand injury has continued.

Employer responded to Claimant's petition, denying the allegations and contending that Claimant's 1988 injury only involved his left hand and that a final receipt was signed by Claimant, evidencing the resolution of that injury. Employer also contended that Claimant's receipt of benefits at the 1980 rate was proper for the continuing disability involving Claimant's lower back, because the disability resulted from the 1980 injury. During the initial hearing held on May 14, 1991, Employer's counsel requested that Employer's answer to Claimant's review petition be amended to include a notice issue based on Claimant's responses on cross examination, indicating that he did not remember telling Employer that he hurt his back in the February, 1988 accident.

The referee determined that Claimant had sustained both a hand and a back injury on February 1, 1988, and, as a result, was totally disabled entitling him to benefits at the higher rate. The referee set aside the April 15, 1988 final receipt and, based on Claimant's testimony that he continued to experience residual numbness, suspended those benefits rather than terminating them. The referee also set aside and nullified the May 25, 1988 supplemental agreement that provided Claimant benefits at the lower rate.

Employer appealed to the Board, again raising the issue that claimant had failed to provide notice within 120 days of the alleged back injury occurring on February 1, 1988. Employer also contended that Claimant offered no medical evidence to support the setting aside of the April 15, 1988 final receipt and that the referee improperly placed the burden on Employer to show that Claimant was fully recovered from the hand injury. However, the Board affirmed the referee concluding that the referee's findings of fact were supported by substantial evidence.

On appeal,[1] Employer raises the following issues for our review: (1) whether the referee erred in awarding benefits for

1. Our scope of review in a workmen's compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative

a work-related back injury despite Claimant's failure to provide evidence of notice within 120 days of the injury; (2) whether Claimant's petition was time barred because it was filed over three years after the alleged injury occurred; (3) whether the referee incorrectly placed the burden of proof on Employer to establish Claimant's full recovery at the time the April 15, 1988 final receipt was signed; (4) whether medical evidence is required to establish a residual disability as a basis to set aside a final receipt; and (5) whether the referee's decision is well reasoned, rational and supported by substantial evidence.

First, Employer argues that because the referee treated Claimant's review petition as if it were a claim petition for benefits for a lower back injury suffered on February 1, 1988, the same day that Claimant suffered his hand injury, Claimant was required to provide evidence that he notified Employer that he had suffered the back injury on that date. Thus, Employer argues that Claimant's failure to provide proper notice makes him ineligible for benefits.

Employer states that this issue is controlled by Section 311 of the Pennsylvania Workmen's Compensation Act (Act),[2] which provides:

**§ 631. Knowledge of employer; notice of injury to employer; time for giving notice; exception**

Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone on his behalf, or some of the dependents or someone on their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. However, in cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its

Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 631.

relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment. The term 'injury' in this section means, in cases of occupational disease, disability resulting from occupational disease.

 Notice to an employer of an injury arising in the course of employment is a prerequisite to compensation under the Act. *Philadelphia v. Workmen's Compensation Appeal Board (Wills)*, 152 Pa.Commonwealth Ct. 198, 618 A.2d 1162 (1992), *petition for allowance of appeal denied*, 536 Pa. 635, 637 A.2d 295 (1993). A claimant bears the burden of proof that notice was given. *Id.*

> *Whether notice has been given is a question of fact.* Workmen's Compensation Appeal Board v. Caves, 22 Pa.Cmwlth. 102, 347 A.2d 761 (1975); Wilkinson, supra. The referee is the ultimate factfinder [sic] where, as here, the appeals board takes no additional evidence. E.g., Sears, Roebuck & Co. v. Workmen's Compensation Appeals Board, 32 Pa. Cmwlth. 330, 379 A.2d 648 (1977). And the facts found by the referee are binding on reviewing courts. See Dunlap v. Workmen's Compensation Appeal Board, 17 Pa.Cmwlth. 19, 330 A.2d 555 (1975).

*DiJoseph v. Workmen's Compensation Appeal Board (St. Christopher's)*, 128 Pa.Commonwealth Ct. 359, 366, 563 A.2d 598, 602 (1989) (emphasis in original) (quoting *Katz v. Evening Bulletin*, 485 Pa. 536, 539–40, 403 A.2d 518, 519–20 (1979)).

 Claimant argues in response that Section 311 of the Act is not controlling, citing *Chapley v. Workmen's Compensation Appeal Board (USX Corp.)*, 436 Pa.Commonwealth Ct. 262, 642 A.2d 597 (1994).[3] In *Chapley* the claimant was physically injured in a work-related accident for which he received compensation benefits. Eight years later the em-

---

**3.** The citation that Claimant provides for *Chapley* is incorrect. The original *Chapley* opinion filed on February 22, 1994, was withdrawn and, following reconsideration, a revised opinion and order was filed on May 20, 1994.

ployer filed for termination, alleging that the claimant could return to work. Subsequently, the claimant filed a claim petition, which was amended to a review petition, alleging that he suffered from psychological depression as a result of the original work-related disability. Both the referee and the Board held that the claimant's petition was untimely under Section 311 of the Act; however, this Court on appeal reversed, holding that "Section 311 does not apply in cases where a separate injury is discovered which has arisen from the same set of circumstances for which an employer has been timely notified and has had a full opportunity for investigation." *Id.*, at 599. The Court stated further that "[p]resumably, Employer had a full opportunity to investigate the accident at that time. Under such circumstances section 311 is not applicable and no prejudice has resulted." *Id.*, at 599.

We believe that the case before us can be distinguished. In *Chapley,* the physical injury resulted in a disability that in turn caused the psychological disability. The psychological disability did not directly result from the same injury that caused the claimant's physical disability, but rather stemmed from the claimant's physical disability. Although the Court emphasized that the employer had ample time to investigate, the claimant's psychological disability would not have been discoverable as the symptoms did not manifest themselves until years later. No amount of investigation at the time of the injury could have revealed the psychological disability in *Chapley,* because it did not exist at the time of injury.

In contrast, here Claimant alleges that he sustained two distinct injuries on February 1, 1988, implying that under *Chapley* Employer had ample opportunity to investigate. However, because Claimant had a history of reinstatements of benefits for the recurrence of his 1980 disability and again began receiving such benefits pursuant to the May 25, 1988 supplemental agreement, we conclude that the facts are distinguishable. If Claimant had informed Employer about the alleged back injury within 120 days, Employer could have investigated. However, the notice of compensation payable lists only the February 1, 1988 hand injury and the May 25,

1988 supplemental agreement lists only the back injury relating to the 1980 injury. This scenario, coupled with the alleged lack of notice, may have misled Employer or, at the very least, failed to alert Employer that an investigation of a second injury on February 1, 1988 may have been warranted.

In *Chapley* an investigation at the time of the injury would have revealed nothing concerning the psychological disability; here, an investigation at the time of the injury could have revealed the second injury. Thus, we hold that under the circumstances in the case before us, Section 311 of the Act applies.

Having determined that notice was required here, we next examine the referee's findings of fact and realize that no finding specifies that notice to Employer was or was not effectuated. As stated in *DiJoseph*, whether notice has been given is a question of fact for the referee to determine. The referee has not made such a finding and the Board's attempt to do so here is in error. As in *DiJoseph*, a remand is necessary[4] and a review of the other issues raised is premature. The notice issue must be resolved first because notice is a prerequisite to compensation. Section 311 of the Act. *See also Rawling v. Workmen's Compensation Appeal Board*, 51 Pa.Commonwealth Ct. 385, 414 A.2d 447 (1980).

For the reasons stated above, we remand for further proceedings and consideration, including a further hearing if necessary, concerning the question of when Employer first had knowledge or notice of the back injury alleged to have occurred on February 1, 1988.

## ORDER

NOW, July 14, 1994, order of the Workmen's Compensation Appeal Board, dated November 3, 1993, at No. A92–2468, is

---

4. We will not infer from the absence of a finding on the notice issue that the question was resolved in Claimant's favor, for the issue may have been overlooked or the law misunderstood at the hearing level. *DiJoseph.*

66

vacated and the matter is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.