Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Harold D. Katz v. The Evening Bulletin and the Employers Mutual Liability Insurance Company of Wisconsin, Appellants.

Argued November 13, 1979, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

, James K. Martin, with him David P. Rovner, for appellants.

Charles E. McChafforty, with him Thomas F. Mc-Devitt, for appellee.

OPINION BY JUDGE MENCER, January 10, 1980:

In *Katz v. Evening Bulletin*, 485 Pa. 536, 542, 403 A.2d 518, 521 (1979), our Supreme Court remanded this case "for review of the proper rate of compensation to appellant [Harold D. Katz]."

Thus, the narrow issue remaining in this workmen's compensation case is whether the referee and the Workmen's Compensation Appeal Board erred in permitting Harold D. Katz (Katz) to aggregate the wages earned in concurrent employment to enhance the wage base for calculation of his compensation rate.

The date of the injury to Katz was May 29, 1970, and on that date Katz's primary employer was the United States Army. For about a year before that date, he had also worked part time for the Philadelphia Inquirer. The union, which supplied weekend workers for both the Inquirer and the Bulletin, sent him to the Bulletin to work on May 29, 1970. As he was leaving work after completing his shift—his first and only at the Bulletin—he fell into a manhole on the premises and sustained injuries.

In determining the liability of an employer in a concurrent-employment situation, we must examine the applicable statutory provisions extant at the time

of the injury. On May 29, 1970, the pertinent part of Section 309(e) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §582(e), provided:

> Where the employe is working under concurrent contracts with two or more employers *and the defendant employer has knowledge of such employment prior to the accident,* his wages from all such employers shall be considered as if earned from the employer liable for compensation. (Emphasis added.)

Here, the Bulletin asserts that the employer's knowledge of such other employment, required by this statutory provision, must mean "actual knowledge" but Katz claims it means merely that the employer "should have known" that he was a part-time employee not relying solely on his employment with the Bulletin.

We conclude that Section 309(e) required that the employer know of other employment if the employee's wages from all employers were to be considered as if earned from the employer liable for compensation. To hold the employer to a "should have known" standard far exceeds a reasonable reading of the words utilized by the legislature in enacting Section 309(e). In accord with our conclusion is Judge BARBIERI's observation on this point:

> The imposition of this higher compensation benefit expense upon the employment where the injury occurred was made acceptable from a due process viewpoint by requiring that the other, concurrent wages could only be added to the injury employment wage where the 'defendant employer has knowledge of such [other] employment prior to the accident....'

1 A. Barbieri, *Pennsylvania Workmen's Compensation* §5.38(12) (1975).

A review of the record establishes that the Bulletin did not know, in advance of the accident which befell Katz, that Katz was concurrently employed by the Inquirer and by the Federal Government. Katz testified as follows:

Q. You had never been to the Bulletin before that [May 29, 1970] with respect to working? A. No, Sir. Q. You never had any contact with any of the people at the Bulletin other than going to work for them on that day; is that correct? A. That's right. Q. That way that you get to the Bulletin was that the union who sent you there—here's a man to work; am I correct? A. That's right. Q. That day, other than the man who showed you where to work, you had no discussion whatsoever with any Bulletin personnel, did you? A. No, sir.

Furthermore, at oral argument it was conceded by Katz that the Bulletin did not have actual knowledge of his concurrent employment. Since we conclude that, at the time of the accident, Section 309(e) required that the Bulletin have prior knowledge of other employment, if Katz's wages from other employers are to be considered as if earned from the Bulletin, and the Bulletin had no such prior knowledge, we must reverse the Workmen's Compensation Appeal Board's award improperly based on Katz's concurrent employment and remand for a recomputation.

ORDER

AND Now, this 10th day of January, 1980, the order of the Workmen's Compensation Appeal Board, dated May 11, 1976, awarding benefits to Harold D. Katz, is hereby reversed, and this case is remanded to the Board for a recomputation of benefits consistent with the above opinion and the making of a new award to Harold D. Katz consonant with the proper rate of

compensation allowed by The Pennsylvania Workmen's Compensation Act.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.