629 A.2d 1060

**Rosanna S. FRONCZAK, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 21, 1993.

Decided July 29, 1993.

John W. Ashley, for petitioner.

Richard A. Bausher, for respondent.

Before: COLINS and FRIEDMAN, Judges, and LORD, Senior Judge.

COLINS, Judge.

Rosanna S. Fronczak (claimant) petitions for review of the September 4, 1992 order of the Workmen's Compensation Appeal Board (Board). That order affirmed the referee re-

garding the suspension of claimant's compensation and reversed the referee regarding her rate of compensation.

The referee made the following pertinent findings of fact and conclusions of law:

FINDINGS OF FACT:

1. [Employer] has filed a petition for termination, suspension or modification alleging that as of July 23, 1990 claimant was offered a job by her employer which was within her limitations.

2. On April 20, 1988 claimant sustained a work-related injury while working for the [employer], Redner's Market [sic], Inc.

3. [Employer] issued a notice of compensation payable accepting the claimant and paid claimant based on an average weekly wage of $181.65 at a compensation rate of $163.49 beginning April 28, 1988.

4. Claimant had concurrent employment at the time of her accepted work-related injury of April 20, 1988 at Bridal World. Following the injury of April 20, 1988 claimant continued to work her full time employment at Bridal World.

5. Claimant's earnings at Bridal World were:
1987–$26,512.00
1988–$23,846.00
1989–$26,219.00

Claimant continued to work at Bridal World until it closed November 27, 1989.

6. Claimant sought a replacement job and began working for Dr. Canner on January 5, 1990 at wages exceeding her wages at Redners Markets.

7. After a review of the evidence presented this Referee finds that claimant's concurrent employment was not considered in the calculation of her average weekly wage at the time of her injury and the [employer] is liable for the payment of a correct average weekly wage and compensation rate of $377.00 ...

8. [Employer] offered the deposition of Dr. Friedman in support of their petition and Dr. Friedman opined that the

claimant was capable of performing the job at Redners which was available. Dr. Friedman opined that claimant still had problems with her work-related injury. I find Dr. Friedmans [sic] opinion to be credible.

9. After a review of the evidence this Referee finds that the [employer's] petition should be granted as a suspension as of January 5, 1990.

10. This Referee finds that the work at Bridal World stopped as of November 27, 1989 at no fault of the [employer]. The claimant began working for Dr. Canner on January 5, 1990 and earned wages equal to her pre-injury wage.

CONCLUSIONS OF LAW:

2. [Employer] presented substantial, competent evidence that claimant's compensation shall be suspended as of January 5, 1990.

3. There was legal and substantial evidence in the record that claimant had concurrent wages and that compensation was incorrectly paid for the period of April 20, 1988 until November 27, 1989 and [employer] is directed to pay the claimant the corrected compensation rate.

Both claimant and employer appealed to the Board, which affirmed in part and reversed in part. The Board affirmed the suspension of benefits, because claimant, since January 5, 1990, has worked for Dr. Canner and has been paid wages greater than the wages she was paid by employer. The Board reversed the referee's calculation of claimant's rate of compensation, because the Board determined that claimant is not due compensation for her overall reduction in wages. That reduction, according to the Board, is not related to her work injury, because claimant's injury in no way disabled her from working at Bridal World, and she continued to work there until it closed on November 27, 1989. The Board, therefore, reinstated the rate of compensation established by the notice of compensation payable, an amount equal to $163.49 per week.

Claimant presents one issue for this Court's review. She questions whether the Board erred, when it determined that effective January 5, 1990, she no longer suffered a loss of

wages because of her work-related injury. "Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether· necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704." *Robert W. Borschell Painting v. Workmen's Compensation Appeal Board (DeMuro)*, 154 Pa.Commonwealth Ct. 157, 161 n. 1, 623 A.2d 394, 395 n. 1 (1993).

Claimant argues that she is entitled to receive benefits, because her wages from her job with Dr. Canner do not equal or exceed the wages that she had earned when she worked concurrently for Bridal World and employer. Section 309(e) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 582(e), provides, in pertinent part, that when "the employe is working under concurrent contracts with two or more employers, [her] wages from all such employers shall be considered as if earned from the employer liable for compensation." According to claimant, she is entitled to compensation based on her concurrent employment pursuant to Section 309(e) of the Act. She argues that compensation based on employer's wages solely, "[penalizes claimant], the innocent party, for sustaining a work-related injury, having that compounded by the fact that her concurrent employer went out of business and that she sought alternate employment, and now to allow the employer that employed her at the time of her work-related injury to receive the benefit of its prior failure to base compensation on here [sic] total income earned at the time of the loss." (Claimant's brief, p. 11).

Although claimant worked concurrently for Bridal World and employer at the time of her injury, she is not entitled to receive benefits based on her wages from both employers. Regardless of the wording of Section 309(e) of the Act, Section 1922 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922, provides that "the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." When interpreting the Act, "we must keep in mind that [it] is remedial in nature and intended to benefit the

worker, and, therefore, the Act must be liberally construed to effectuate its humanitarian objectives." *Peterson v. Workmen's Compensation Appeal Board (PRN Nursing Agency)*, 528 Pa. 279, 287, 597 A.2d 1116, 1120 (1991). We have opined, however, that the Act is to be interpreted reasonably and to avoid an unjust result. *See Visintin v. Workmen's Compensation Appeal Board (Hale Pump Company)*, 127 Pa.Commonwealth Ct. 244, 561 A.2d 372 (1989). Mindful of these principles, we hold that the Board properly reversed the referee's determination of claimant's rate of compensation. Although claimant was totally disabled from her job with employer, she was not disabled from her job with Bridal World. Section 309(e) of the Act, 77 P.S. § 582(e), notwithstanding, it is unjust to permit her to receive benefits based on her wages from Bridal World, when she was not disabled from that job. The Board properly concluded that claimant's benefits should be based solely on her wages from employer.[1]

 Claimant's benefits were properly suspended effective January 5, 1990, because, as of that date, she no longer suffered a loss of income because of her work-related injury. Claimant's wages from her job with Dr. Canner equalled her wages from employer, and her loss of income because of the closing of Bridal World is not related to her injury. A loss of income which results from nonwork-related factors cannot be the basis for payment of compensation. *Christopher v. Work-*

---

1. We note that the record establishes that employer did not learn of claimant's concurrent employment at Bridal World, until the hearing on employer's petition for termination, suspension, or modification of benefits. Claimant, when she was injured, should have informed employer of her concurrent employment at Bridal World, and she should have been granted partial disability benefits based on the amount that her average weekly wage from both employers was reduced because of her injury. Employer, when it learned of her concurrent employment, could have requested credit for overpayment of compensation. Employer did not raise this issue, and we are constrained from doing so by the Pennsylvania Supreme Court's decision in *Department of Transportation, Bureau of Driver Licensing v. Boros*, 533 Pa. 214, 620 A.2d 1139 (1993). There, the Supreme Court concluded that this Court's raising, sua sponte, of an issue not raised by the parties, is jurisprudentially unsound.

*men's Compensation Appeal Board (Dravo Corporation)*, 124 Pa.Commonwealth Ct. 562, 556 A.2d 544 (1989).

Accordingly, the order of the Workmen's Compensation Appeal Board is affirmed.

## *ORDER*

**AND NOW,** this 29th day of July, 1993 the order of the Workmen's Compensation Appeal Board, in the above-captioned matter, is affirmed.