**Gary MILLER, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (MIDLANTIC COAST DELIVERY SYSTEM and Greater New York Insurance Company), Respondents.**

Commonwealth Court of Pennsylvania.

Argued Feb. 8, 1995.

Decided July 12, 1995.

Reargument Denied Aug. 21, 1995.

Christina J. Barbieri, for petitioner.

Barbara L. Young, for respondents.

Before COLINS, President Judge, and DOYLE, McGINLEY, SMITH, FRIEDMAN, KELLEY and NEWMAN, JJ.

DOYLE, Judge.

Before the Court is the appeal of Gary Miller (Claimant) from an order of the Workmen's Compensation Appeal Board which reversed a referee's award of partial disability

based on concurrent employment, and instead granted a suspension.

The referee made the following findings of fact.[1] On May 9, 1985, Claimant suffered a work related injury to his lower back while he was employed by Midlantic Coast Delivery (Employer). Claimant received total disability benefits based on an average weekly wage of $400.

At the time of his injury, Claimant was also employed in a sedentary position by West Oak Lane Development Corporation (West Oak Lane), where he earned $500 per week. Claimant's job at West Oak Lane was not affected by his injury.

Claimant returned to work for Employer on May 28, 1985, and executed a final receipt on June 26, 1985. On June 28, 1985, Claimant was laid off due to lack of work.

On August 23, 1985, Claimant filed a petition to set aside the final receipt, which was granted on June 18, 1987, by Referee Joseph Stokes. Referee Stokes found that Claimant was still disabled from his back injuries. Additionally, he held that Claimant had concurrent wages at the time of his injury with Employer and West Oak Lane. Claimant's average weekly wage was therefore $900 ($500 per week from West Oak Lane plus $400 per week from Employer). Thus, when Claimant was laid off by Employer he was actually partially disabled, as he was able to continue his employment with West Oak Lane. Accordingly, Claimant was awarded partial disability benefits based on his loss of earnings of $400 per week due to his lay off from Employer.

On August 1, 1988, Employer filed a petition for termination/suspension. Referee Martin Burman, rejecting Employer's medical evidence, denied Employer's petition. However, the referee made additional findings concerning Claimant's employment history.

Claimant continued to work for West Oak Lane after he was injured and laid off from his job with Employer, until he was laid off from this position on July 1, 1986. He remained completely unemployed until March 10, 1987, when he secured a job with the United States Postal Service. He continued working with the Postal Service even after he went back to work at West Oak Lane on September 11, 1987. On February 11, 1988, he was again laid off from West Oak Lane and has not worked there since. From March 1988, until August 26, 1988, Claimant worked for Denie Real Estate, while continuing his work at the Postal Service.

Accordingly, the referee concluded that Employer failed to meet its burden of proof that Claimant was able to return to work at no loss of earnings from his average weekly wage of $900, at any time since June 28, 1985, when Employer laid him off. Employer was, however, entitled to a credit for the period of time from September 11, 1987, until February 11, 1988, when Claimant's loss of earnings was less than $400 (the basis for Referee Stokes's partial disability award).

Employer appealed to the Board. The Board affirmed the denial of Employer's petition to terminate. However, relying on *Fronczak v. Workmen's Compensation Appeal Board,* 157 Pa.Commonwealth Ct. 374, 629 A.2d 1060 (1993), the Board held that the referee had improperly recalculated Claimant's average weekly wage. In the Board's view, Claimant's benefits should have been calculated on an average weekly wage of $400 instead of $900; therefore, Claimant's benefits should be suspended rather than awarded on the basis of partial disability. This appeal by Claimant followed.

■ Claimant argues (1) the Act requires that his average weekly wage be calculated based upon his concurrent employment, and (2) Employer was collaterally estopped from arguing otherwise because Referee Stokes's order establishing Claimant's average weekly wage at $900 was never appealed.

The Act, in defining "average weekly wage," provides that

1. Referees are now called Workers' Compensation Judges under the 1993 amendments to the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 701. *See* Act 44, Act of July 2, 1993, P.L. 190. However,

since this case was heard by the referee prior to the effective date of the amendments, August 31, 1993, we will refer to the referee as such and not as a Workers' Compensation Judge.

Where the employe is working under concurrent contracts with two or more employers, his wages from *all such employers* shall be considered as if earned from the employer liable for compensation.

Section 309(e) of the Act, 77 P.S. § 582(e) (emphasis added). The language of this section is very clear and unambiguous. Based on Section 309(e), Claimant's average weekly wage must include wages from his job with Employer as well as the wages from his job with West Oak Lane. While such a result may appear somewhat unjust at first glance,[2] as our Supreme Court has explained:

It is obviously repulsive to legislation, that is remedial in intent, to construe such legislation as relegating a claimant to a part-time wage basis, although his actual earnings are that of a full-time member of the labor force. Moreover, any isolated example of an injustice will be eradicated by an overall view of the situation. It is legitimate to consider the employer's sector as a composite, since that is the perspective used to determine premiums for workmen's compensation coverage. It is not fair to apply such a perspective to the individual workman whose entire life and that of his family may be dependent upon the award received in a given case.

*Workmen's Compensation Appeal Board v. Evening Bulletin*, 498 Pa. 219, 223, 445 A.2d 1190, 1192 (1982).

Employer relies on *Fronczak* to support its position that the referee erred by calculating Claimant's benefits based on his wages from both of his jobs. In that case, the claimant was working for the employer, Redner's Market, when she was injured. She also held a second job at Bridal World. However, the employer issued a notice of compensation payable with benefits based on an average weekly wage which only included her wages from Redner's Market. This order was, apparently, not appealed. The claimant lost her job at Bridal World when the shop went out of business. The claimant subsequently secured employment with Dr. Canner at wages which exceeded those earned at Redner's Market, but were less than the total wages she earned when her income from Bridal World was included. The employer filed a suspension petition. The referee granted the suspension, but recalculated her rate of compensation to take into account her concurrent wages from the date of her injury until the date that Bridal World closed. The Board affirmed the suspension, but reversed the recalculation of the claimant's benefits. Although this Court affirmed the result, it was also noted that:

[T]he record establishes the employer did not learn of claimant's concurrent employment at Bridal World, until the hearing on employer's petition for termination, suspension, or modification of benefits. Claimant, when she was injured, should have informed employer of her concurrent employment at Bridal World, and she should have been granted partial disability benefits based on the amount that her average weekly wage from both employers was reduced because of her injury. Employer, when it learned of her concurrent employment, could have requested credit for overpayment of compensation. Employer did not raise this issue, and we are constrained from doing so. . . .

---

2. We recognize that our decision in this case has consequences beyond the mere calculation of the average weekly wage. We note initially that the actual dollar amount in benefits will often be the same whether the average weekly wage for **total disability** is based upon the wages earned with the primary employer alone (*i.e.* $400 in this case), or, whether the calculation of **partial disability** benefits is based upon the concurrent wages of both jobs reduced by the wages earned at the second job (*i.e.*, $400 + $500 = $900 − $500 = $400).

We further note, however, that several serious concerns could arise after the initial calculation is made. First, if the claimant is deemed partially disabled, rather than totally disabled, compensation benefits will cease after five hundred weeks whether the claimant has fully recovered or not. Second, if the concurrent wages are used and the calculation is for partial disability only, the employer will find itself obligated to provide available work for a claimant who loses his second job through no fault of his own, even where the loss of earnings is not related to the injury received in claimant's job with the primary employer. However, this Court must follow the clear and unambiguous language of Section 309(e), which is not limited to any such specific situation. Such modification is the province of the General Assembly and certainly these concerns deserve its attention.

*Id.* at 379 n. 1, 629 A.2d at 1063 n. 1. Thus, the result in *Fronczak* can be explained and is distinguishable because the issue of concurrent wages was waived. *See Association of Retarded Citizens v. Workmen's Compensation Appeal Board (Golden),* 163 Pa.Commonwealth Ct. 321, 640 A.2d 1387 (1994).[3]

■ In conclusion, we hold that where a claimant holds more than one job at the time of a work-related injury, the average weekly wage must be calculated based on the wages from *all* of his or her jobs, whether the claimant is disabled from the other jobs or not, in accordance with Section 309(e) of the Act. Where the claimant is not disabled from the other jobs, however, it is proper to place the claimant on partial disability, reducing the total disability benefit by the wages earned from the jobs from which the claimant is not disabled. In this case, the referee properly used the $900 average weekly wage to determine that Claimant suffered a wage loss, and was therefore partially disabled. Therefore, the order of the Board in this case is reversed, and the order of the referee is reinstated.[4]

### ORDER

NOW, July 12, 1995, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed.

FRIEDMAN, J., concurs in the result only.

---

3. To the extent it can be read to permit concurrent wages to be ignored in calculating average weekly wage where the claimant is not disabled from his or her other job, *Fronczak* is overruled.

4. Because of our disposition of this case, we do not reach Claimant's other argument.