# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony L. Barnes,             :
             Petitioner       :
                                 :   No.  55 C.D. 2022
             v.                   :
                                 :   Submitted: July 15, 2022
School District of Philadelphia    :
(Workers' Compensation Appeal    :
Board),                       :
             Respondent    :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge


## _OPINION NOT REPORTED_

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                        FILED: June 26, 2023

This action involves the payment of benefits pursuant to the Pennsylvania Workers' Compensation (WC) Act (WC Act)[1] for two work-related injuries sustained by Anthony L. Barnes (Claimant) while working at two separate, but concurrent, employments. Claimant petitions for this Court's review of the January 11, 2022 order of the Workers' Compensation Appeal Board (Board), which affirmed the December 26, 2019 Decision and Order of Workers' Compensation Judge (WCJ) Patricia Bachman. Relevant to this appeal, the WCJ reduced Claimant's weekly WC benefits because she found that Claimant had recovered fully from one of his work-related

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

injuries. The Board affirmed the WCJ. After careful review, we reverse the Board's order, in part, to the extent that it affirmed the WCJ's reduction of Claimant's benefits.[2]

## I. Facts and Procedural History

The facts material to the issue presented in this appeal are not disputed. In 2018, Claimant was employed by both Employer and Comhar, Inc. (Comhar). Claimant was first injured on February 21, 2018, during the course and scope of his employment with Comhar as a home health aide (First Injury). Claimant took the next two days off of work at Comhar with the intention of returning to work on Monday, February 26, 2018. That day, however, Claimant sustained a second injury while working for Employer as a food service manager (Second Injury). Claimant reported the Second Injury to his supervisor at Employer and was sent to see a physician the same day. Claimant was instructed by the physician not to return to work. Claimant did not, at that time, disclose the First Injury to Employer or its physicians. Claimant thereafter began receiving compensation benefits through Employer.

On September 7, 2018, Claimant filed (1) a Review Petition in which he sought to expand the description of his Second Injury to include the First Injury, (2) a Reinstatement Petition in which he sought the reinstatement of benefits that Employer unilaterally had suspended, and (3) a Penalty Petition in which he alleged that Employer violated the WC Act by unilaterally suspending his benefits. On November 9, 2018, Employer filed a Joinder Petition seeking to join Comhar because of Claimant's First Injury. Employer thereafter also filed a Review Petition on March 15,

---

[2] Because Claimant sustained two injuries at two different employers, the proceedings below involved two separate claims before the WCJ and the Board that were heard and decided together. In this appeal, Claimant seeks review of the Board's determination only with regard to his claim against the School District of Philadelphia (Employer), which the WCJ found solely responsible for the payment of Claimant's WC benefits. (PFR ¶ 4.)

2019, and a Termination Petition on March 20, 2019, in which Employer alleged that Claimant was fully recovered from his work injuries as of December 26, 2018. Claimant's and Employer's several petitions were consolidated and heard before the WCJ on November 27, 2018, April 16, 2019, and September 17, 2019.

On December 26, 2019, the WCJ issued her Decision and Order (1) granting Claimant's Claim Petition against Comhar for the period from February 22, 2018, through February 11, 2019, (2) granting Claimant's Review, Penalty, and Reinstatement Petitions filed against Employer, and (3) denying Employer's Termination, Review, and Joinder Petitions. With regard to Claimant's First Injury, the WCJ considered the deposition testimony of Comhar's expert, Dr. John Handal, an orthopedic surgeon. Dr. Handal saw Claimant for an independent medical examination (IME) on February 12, 2019, during which Claimant disclosed the First Injury but not the Second Injury. Based on his examination, Dr. Handal opined that Claimant had fully recovered from the First Injury as of February 12, 2019, the date of the IME. Dr. Handal admitted that he offered no opinions as to any injuries Claimant may have sustained on February 26, 2018, while working for Employer. (WCJ Decision, Finding of Fact (FOF) 16; Reproduced Record (R.R.) 59a-60a.) The WCJ found that Claimant sustained the First Injury to his lower back on February 21, 2018, but also found, based on Dr. Handal's testimony, that the First Injury was fully resolved as of February 12, 2019. (FOF 21, 24; R.R. 60a, 62a.)

Regarding the Second Injury, the WCJ accepted as "competent, credible, and convincing" the opinion testimony of Claimant's treating physician, Dr. Onyeama Anakwe, who treated Claimant for both the First and Second Injuries. (FOF 22; R.R. 60a.) The WCJ accepted Dr. Anakwe's opinion that, in the Second Injury, Claimant sustained an aggravation of the First Injury. (*Id.*; R.R. 60a-61a.) The WCJ further

3

found that the lower back problems caused by the Second Injury continue. (*Id.*; R.R. 61a.)

Based on her findings, the WCJ concluded that "Claimant has met his burden of proof that he sustained a work-related injury on February 26, 2018[,] while employed with [Employer] in the nature of an aggravation of the lumbar strain and sprain injury he sustained on February 21, 2018[,] thereby temporarily totally disabling Claimant from his job duties with [Comhar] beginning February 26, 2018[,] and [Employer] beginning February 27, 2018." (WCJ Decision, Conclusion of Law (COL) 3; R.R. 62a.) The WCJ awarded WC benefits based on Claimant's average weekly wage (AWW) of $1,123.74, which included his weekly wages from both Comhar and Employer. (COL 5; R.R. 62a-63a.) The WCJ calculated Claimant's total disability benefits at $759.16 per week, payable solely by Employer, from February 26, 2018, through February 11, 2019. The WCJ terminated Comhar's liability as of February 12, 2019, and suspended Comhar's payment of benefits for the period between February 22, 2018, and February 12, 2019. The WCJ further reduced Claimant's benefits to $430.74 per week effective February 12, 2019, based on the finding that he had recovered fully from the First Injury as of that date. (WCJ Order; R.R. 64a.)

Claimant appealed the WCJ's reduction of his WC benefit amount to the Board. By Opinion and Order mailed on March 19, 2021, the Board affirmed the WCJ's decision. Claimant and Employer both filed Petitions for Rehearing, which were granted on May 4, 2021. Rehearing was held on June 9, 2021, and on January 11, 2022, the Board issued an Opinion and Order again affirming the WCJ's decision. Regarding the issue of whether the WCJ appropriately reduced Claimant's WC benefits based on Claimant's recovery from the First Injury, the Board concluded as follows:

4

> Where [a] claimant is not disabled from the other jobs, it is proper to place the claimant on partial disability, reducing the total disability benefit by the wages attributable to the jobs from which the claimant is not disabled. . . .
>
> [Claimant's] benefit status changed to partial disability because the WCJ found as fact that he had fully recovered from the [First Injury] and had no loss of earnings attributable to that injury as of February 12, 2019. By excluding Comhar earnings going forward, the WCJ's calculation reflects Claimant's economic reality, as benefits attributable to the First Injury have been terminated and he is receiving indemnity reflecting his loss of earnings [from his employment at Employer]. We determine no error.

(Board Opinion at 6-7; R.R. 73a.) Claimant timely filed his Petition for Review in this Court on January 21, 2022.[3]

## II.     Issue Presented

Claimant and Employer present, in substance, the same issue for our review, namely, whether the Board erred as a matter of law in reducing Claimant's total disability benefits by the amount of his AWW at Comhar as of February 12, 2019, the date the WCJ found that he had recovered fully from the First Injury.[4]

---

[3] Prior to the Board granting rehearing on May 4, 2021, Claimant filed a petition for review in this Court on April 19, 2021. *See Barns v. School District of Philadelphia (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 428 C.D. 2021). Because the Board granted rehearing, on July 20, 2021, we dismissed Claimant's petition for review as inoperative pursuant to Pennsylvania Rule of Appellate Procedure (Pa. R.A.P.) 1701(b)(3) ("A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal or petition for review of a quasijudicial order theretofore or thereafter filed or docketed with respect to the prior order.").

[4] Ordinarily, "[t]his Court's scope of review is limited to determining whether the WCJ's necessary findings of fact are supported by substantial evidence or whether an error of law or a constitutional violation occurred." *Pike v. Workers' Compensation Appeal Board (Veseley Brothers Moving)*, 22 A.3d 332, 337 n.4 (Pa. Cmwlth. 2011) (quoting *Colpetzer v. Workers' Compensation Appeal Board (Standard Steel)*, 802 A.2d 1233, 1235 n.4 (Pa. Cmwlth. 2002)). Here, neither party alleges a constitutional violation or findings of fact bereft of substantial supporting evidence. Rather,
**(Footnote continued on next page…)**

### III.    Analysis

Section 309 of the WC Act, 77 P.S. § 582, controls the method of calculating an injured employee's "wages" for purposes of determining the appropriate amount of WC benefits to which he or she is entitled.  It provides that the term "wages" in that context shall be construed to mean the "average weekly wages" of the injured employee calculated in accordance with subsections 309(a) through (e).  77 P.S. § 582(a)-(e).  "[T]he overall legislative purpose of section 309 is to provide for an accurate measurement of the AWW."  *Reifsnyder v. Workers' Compensation Appeal Board (Dana Corporation)*, 883 A.2d 537, 545 (Pa. 2005) (citing *Hannaberry HVAC v. Workers' Compensation Appeal Board (Snyder, Jr.)*, 834 A.2d 524, 533-34 (Pa. 2003)).  Subsection 309(e) provides, in relevant part, that "[w]here the employe is working under concurrent contracts with two or more employers, his wages from all such employers shall be considered as if earned from the employer liable for compensation."  77 P.S. § 582(e).[5]  For a claimant's employment with a second employer to qualify as "concurrent employment," the claimant must have been working

---

the issue concerns the methodology used in calculating Claimant's AWW and corresponding WC benefits.  These are questions of law subject to our plenary review.  *Reifsnyder v. Workers' Compensation Appeal Board (Dana Corporation)*, 883 A.2d 537, 541 (Pa. 2005).

[5] The Pennsylvania Supreme Court has explained the purpose of subsection 309(e) as follows:

> It is obviously repulsive to legislation, that is remedial in intent, to construe such legislation as relegating a claimant to a part-time wage basis, although his actual earnings are that of a full-time member of the labor force.  Moreover, any isolated example of an injustice will be eradicated by an overall view of the situation.  It is legitimate to consider the employer's sector as a composite, since that is the perspective used to determine premiums for [WC] coverage.  It is not fair to apply such a perspective to the individual workman whose entire life and that of his family may be dependent upon the award received in a given case.

*Workmen's Compensation Appeal Board v. Evening Bulletin*, 445 A.2d 1190, 1192 (Pa. 1982).

for both employers "at the time of the [work-related] injury . . . ." *Freeman v. Workmen's Compensation Appeal Board (C.J. Langenfelder & Son)*, 527 A.2d 1100, 1101-02 (Pa. Cmwlth. 1987) (emphasis removed). In *Miller v. Workmen's Compensation Appeal Board (Midlantic Coast Delivery System)*, 661 A.2d 916 (Pa. Cmwlth. 1995), we held as follows:

> [W]here a claimant holds more than one job at the time of a work-related injury, the [AWW] must be calculated based on the wages from all of his or her jobs, whether the claimant is disabled from the other jobs or not, in accordance with [s]ection 309(e) of the [WC] Act. Where the claimant is not disabled from the other jobs, however, it is proper to place the claimant on partial disability, reducing the total disability benefit by the wages earned *from the jobs from which the claimant is not disabled.*

*Id.* at 919 (emphasis added).

Neither of the parties contend that the WCJ and Board incorrectly calculated Claimant's wages at both Comhar and Employer in determining Claimant's AWW. Nor do the parties dispute that the WCJ and Board correctly calculated Claimant's WC benefits through February 11, 2019. Instead, the crux of the dispute centers on whether the WCJ and the Board subsequently erred in subtracting Claimant's Comhar wages from his WC benefit amount beginning February 12, 2019.

Although Claimant sustained the First Injury while employed at Comhar, Claimant intended to return to work at Comhar on February 26, 2018. He was prevented from doing so not because of the First Injury, but because of the Second Injury, which he sustained while working for Employer. The WCJ found that the Second Injury included an aggravation of the lower back strain and sprain from the First Injury and that the Second Injury in fact caused Claimant's disability from *both* places of employment. Although the WCJ accepted as credible the testimony of Dr.

7

Handal[6] that Claimant had "fully recovered" from the First Injury as of February 12, 2019, and that Claimant was capable of returning to his (pre-First Injury) job duties, that finding does not answer the question of whether Claimant is entitled to WC benefits calculated using his total AWW for both employers. Rather, under subsection 309(e) and *Miller*, the controlling factor is whether Claimant *remains disabled from his jobs* at both employers. *Miller*, 661 A.2d 919; *see also Kurpiewski v. Workers' Compensation Appeal Board (Caretti, Inc.)*, 202 A.3d 870 (Pa. Cmwlth. 2019) (to be entitled to WC benefits, claimant must not only establish a work-related injury, but also a "disability" from that injury, defined as the "*loss of earnings or earning power that is caused by a work-related injury*") (emphasis added).

It is undisputed in the record that Claimant's *disability* from both Comhar and Employer was caused by the Second Injury. It also is undisputed that the Second Injury, which includes an aggravation of the First Injury, continues. The WCJ accordingly concluded that only Employer is responsible for payment of disability benefits beginning February 26, 2018. Claimant's "recovery" from the First Injury, which in itself caused no "disability" from any employment, thus is irrelevant to the calculation of WC benefits to be paid by Employer, particularly because Dr. Handal opined regarding the status of the First Injury without any knowledge or consideration of its disabling aggravation in the Second Injury.

The Board correctly noted that the WCJ found that "[Claimant] had fully recovered from the Comhar injury and had no loss of earnings attributable to that injury as of February 12, 2019." (Board Opinion at 6; R.R. 72a.) But the reason that Claimant had no loss of earnings due to the First Injury as of February 12, 2019, is because he had no loss of earnings from the First Injury *ab initio*. We emphasize again that it was

---

[6] Because Dr. Handal's testimony was presented by Comhar in the companion case that is not currently before us, that testimony it is not part of the reproduced or certified records.

not the First Injury, but its later *aggravation* in the Second Injury, that rendered Claimant disabled from both employers—a condition in which he remains. For that reason, his disability benefits should not have been reduced for any wages previously earned at Comhar; that reduction would not reflect the "economic reality" of Claimant's earning experience. *See Akers National Roll Co. v. Workers' Compensation Appeal Board (Whaley)*, 901 A.2d 1092, 1095-96 (Pa. Cmwlth. 2006) (citing *Reifsnyder*, 883 A.2d at 545). We therefore conclude that the Board erred in affirming the WCJ's decision in this respect. We accordingly reverse the Board's decision to the extent that it reduced Claimant's WC benefits and remand the matter for reinstatement of benefits at the amount of $759.16 per week retroactive to February 12, 2019. The Board's decision otherwise is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony L. Barnes,            :
         Petitioner       :
                        :   No.  55 C.D. 2022
           v.             :
                        :
School District of Philadelphia   :
(Workers' Compensation Appeal  :
Board),                   :
         Respondent    :

## ***ORDER***

AND NOW, this 26th day of June, 2023, the January 11, 2022 Order of the Workers' Compensation Appeal Board is REVERSED to the extent that it reduced Petitioner Anthony L. Barnes' workers' compensation benefits as of February 12, 2019. This matter is remanded to the Board, for further remand to the Workers' Compensation Judge, with instructions to reinstate Claimant's benefits at the amount of $759.16 per week retroactive to February 12, 2019. The Board's Order otherwise is AFFIRMED.

Jurisdiction relinquished.

_____
PATRICIA A. McCULLOUGH, Judge